IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. BUTLER | * | |
| v. | * | Civil Action No. WMN-01-3770 (D.Md.) |
| | | Civil Action No. WMN-02-4102 (D.Md.) |
| GUNJA et al. | * | Civil Action No. WMN-03-708 (D.Md.) |
| | | Civil Action No. WMN-03-797 (D.Md.) |
| | * | Civil Action No. WMN-03-1798 (D.Md.) |
| | | Civil Action No. WMN-04-2496 (D.Md.) |
| | * | Civil Action No. WMN-05-387 (D. Md.) |
| | | Civil Action No. WMN-07-463 (D.Md.) |

******

**O R D E R**

Plaintiff, who is currently confined at the Federal Medical Center in Rochester, Minnesota, filed a Motion to Compel the U.S. Bureau of Prisons ("BOP") to Follow Court Orders Pursuant to the PLRA. He complains that BOP officials are "encumbering" funds from his account and holding them in violation of court orders since March of 2006. He asks that the BOP be compelled to send partial filing fee payments to the Court if the account exceeds $10.00.

On June 2, 2008, the BOP was ordered to respond to Plaintiff's Motion to Compel. They have now done so, arguing that the Motion should be denied because: (1) Plaintiff has not exhausted his administrative remedies under 42 U.S.C. § 1997(e) and should not be allowed to circumvent the process and seek remedy for issues that are unrelated to his civil rights/federal tort claims cases and which occurred in the District of Minnesota; (2) as Plaintiff's account balance is less than $10.00, BOP officials have encumbered his account to ensure payment of obligations he owes the Government, *e.g.*, filing fees, medical co-payments, along with court-ordered filing fees;[1] and (3)

---

[1] It is the BOP's position that if Plaintiff's account were to exceed $10.00, the amount over $10.00 would be used to make payments towards Plaintiff's filing fee installment payments first, in a first in/first out basis, *e.g.* the first 20% of the prior month's deposit would be allocated to the oldest/first Prison Litigation Reform Act filing fee.

mandamus relief should not be granted in this case because Plaintiff does not have a clear and indisputable right to the relief sought and he has not demonstrated that the BOP is without authority to encumber his account or that it has a duty to release the funds to him.

As previously noted, Plaintiff is seeking enforcement of 28 U.S.C. § 1915(b)(2), which provides that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Plaintiff has filed approximately 30 cases in this court. He has been ordered to pay district and/or circuit court filing fees in the following cases filed in this district:

> *Butler v. Department of Justice, et al.*, Civil Action No. WMN-00-920 (D.Md.);
> *Butler v. Johnson, et al.*, Civil Action No. WMN-01-2345 (D.Md.);
> *Butler v. Gunja, et al.*, Civil Action No. WMN-01-3770 (D.Md.);
> *Butler v. Warden, et al.*, Civil Action No. WMN-02-4102 (D.Md.);
> *Butler v. Dep't of Justice, et* al., Civil Action No. WMN-03-708 (D.Md.);
> *Butler v. BOP, et al.*, Civil Action No. WMN-03-797 (D.Md.);
> *Butler v. Shearin, et al.*, Civil Action No. WMN-03-1798 (D.Md.);
> *Butler v. Shearin, et al.*, Civil Action No. WMN-04-2496 (D.Md.);
> *Butler v. Department of Justice, et al.*, Civil Action No. WMN-05-387 (D. Md.); and
> *Butler v. Barbuak, et al.*, Civil Action No. WMN-07-463 (D.Md.).

Plaintiff claims that BOP staff at FMC-Rochester are encumbering his account and asks that Prison Litigation Reform Act ("PLRA") fees be paid to the Court. According to the FMC-Rochester Inmate Services Supervisor, because of his medical condition Plaintiff is not working and therefore no money has been added to his account. In addition, he is not receiving money from outside sources. The Supervisor acknowledges that Plaintiff's account has been encumbered to pay PLRA filing fees and debts owed to the Government, but because his funds do not exceed $10.00, the PLRA payments are not forwarded to the Court. She indicates that on rare occasions when

Plaintiff's account exceeds $10.00, he has used the monies to purchase commissary items before the automatic review system has occurred the first day of the month.

  The Motion to Compel shall be denied. Plaintiff's Motion reads as a request for mandamus relief. He has, however, failed to establish he is entitled to same. Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir.1987). The conditions necessary for issuance of a writ of mandamus against federal officials are clear. Plaintiff must show that he has the clear and indisputable legal right to the relief sought; the BOP has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice under the circumstances. *See Kerr*, 426 U.S. at 403. The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

  Plaintiff has failed to establish that he has a right to the relief sought and shown that BOP staff at FMC-Rochester have a duty to afford him such relief and have failed to carry out that duty. Indeed, it would appear that BOP staff would like nothing better than to send the court-ordered

partial filing fee payments, but they cannot conjure up funds that do not exist over the $10.00 amount set out in 28 U.S.C. § 1915(b)(2).[2]

Accordingly, IT IS this 17th day of July, 2008, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's Motion to Compel, filed in the above-captioned cases, IS DENIED; and

2. The Clerk SHALL MAIL a copy of this Order to Plaintiff and SHALL PROVIDE a copy of this Order to Assistant United States Attorney Larry Adams, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

/s/
_____
William M. Nickerson
Senior United States Judge

---

[2] Finally, to the extent that Plaintiff believes that FMC-Rochester staff have violated PLRA statute, he may wish to file the appropriate civil action in the Minnesota court after exhausting his administrative remedies.