UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
LODGED

AUG 0 4 2008

JAMES A. BUTLER,

    Plaintiff,

vs.

WARDEN, GUNJA, et al,

    Defendants.

Civil Action No. WMN-013770 (D. Md.)

MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO
RULE 59(e) and 60 FED R. CIVIL P. NO LATER THAN 10 DAYS AFTER
ENTRY OF JUDGMENT

COMES NOW, Plaintiff James A. Butler, pro se hereby submits a motion to alter or amend judgment pursuant to Rule 59(e) and 60 ( FRCP ) motion for reconsider Courts Order.

I.    STATEMENT OF CASE:

Petitioner, James A. Butler is a federal inmate incarcerated at Federal Medical Center, Rochester MN. Plaintiff filed a Motion To Compel, that BOP was not following the Courts Order, (Federal Medical Center, Rochester MN) encumbering his account and requested that the PLRA fees be paid to the Clerk of Court. Also that the Federal Medical Center encumbered funds that did not exceed $10 in violation of... the PLRA 28 U.S.C. § 1915(b)(2).

II.   MOTION TO ALTER OR AMEND JUDGMENT:

A motion to alter or amend judgment must be filed within ten days, [2]/ excluding holidays and weekends. It is appropriate for omission of issues on which the court obviously mistakenly overlooked, or provision of the judgment/order that are inconsistent, to be reviewed.

---

[2] Plaintiff did not receive the Courts' Order until the 24th of July, 2008 and was postmarked 07/21/08.

Relief under Rule 59(e) permits the Courts to revisit a prior decision when there has been an intervening change of law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest of justice, Cray v. Nationwide Ins. Co., 192 Fed. Supp. 2d 37-39 W.D. N.Y 2001.

III.  ARGUMENT:

A.  Plaintiff's Commissary Account has been Improperly Encumbered.

28 U.S.C. § 1915 (b) (1) provides:
The prisoner shall be required to make monthly payments of 20% of the proeeding months income credited to the prisoner's account. The agency having custody of of the prisoner shall forward payments from the prisoner's account to the clerk each time the amount in the account exceeds $10 until the filing fees are paid.

Plaintiff was designated to Federal Medical Center, Rochester, MN to receive medical treatment, on August 6, 2006.  Based on **View of Inmate Transaction Trufacs,** on 8/3/06 $7.56 was Transfer in from Trufacs and on 8/7/08 Transfer from Trufacs $5.25/ balance of $12.81. ( 20% of $12.81 =     ) the debt encumbrance was $3.21 and sales were $9.60 = $12.81, clearly there should have been only $2.81 taken from plaintiff inmate account.

Clearly the debt encumbrance should have been applied toward plaintiff's PLRA  instead of stamps, co-payments, photo copies, etc. ( see  declaration of

-2-

III.  ARGUMENT:

Dee Hammer page ¶ para 5 states:

> Similarly, if an inmate owes the government funds for internal BOP issues, medical co-payments photocopies,,postages, etc. we can encumber his account. Unlike with PLRA filing fees. however, if the amount in the account is less than $10 we are permitted to take the money from his account to pay the government debts, once the full anount of the debt has been encumbered. If an inmate owes both the Court for PLRA filing fees and the government for other debts, PLRA fees have priorty and will be encumbered and paid from the inmate's account first. Futhermore, if an inmate owes PLRA filing fees for several different suits, the filing fees for the oldest cases are paid first."

In the ORDER from the U.S. District Court, dated June 2nd 2008, the Court stated that plaintiff cases under the PLRA provision is complicated by the sheer number of civil actions filed by plaintiff in the district and circuit court throughout the United States. Plaintiff have filed approximately 30 cases in this court. Plaintiff have other cases in other circuits also. Clearly the BOP, FMC, Rochester should have taken priority with PLRA fees and paid on the oldest case first, instead of encumbering funds for other BOP internal issues.

WHEREFORE plaintiff respectfully request the Honorable Court to grant relief under RULE 59 (e) and 60 FRCP to correct the this clear error and to prevent manifest of justice or what the Court deem fit.

Dated: 07/28/08

Respectfully submitted,

James A. Butler, Pro se
PMB 4000 # 10256-050
Rochester, MN 55903

Certificate of Service

I hereby certify that a copy of this motion to alter or amend was mailed on this 28 day July 2008 to Mid-Atlantic Regional Office 302 Sentinel Drive Suite 200, Annapolis Junction MD 20701.

Signature: _____
James A. Butler

-3-

Date: 05/15/2008
Time: 7:50:58 am

Facility: RCH

# Federal Bureau of Prisons
## TRUFACS
### Inmate Statement
Sensitive But Unclassified

## General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 10256050 | Living Quarters: | D03-226L |
| Inmate Name: | BUTLER, JAMES A | Arrived From: | EDG |
| Current Site Name: | Rochester FMC | Transferred To: | |
| Housing Unit: | RCH-D-B | Account Creation Date: | 2/26/2002 |

## Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| RCH | 08/03/2006 03:27:38 AM | TX080306 | | | Transfer - In from TRUFACS | $7.56 | | $7.56 |
| RCH | 08/03/2006 03:27:38 AM | FICD0506 - Co-pay - EDG 1144 | | | Debt Encumbrance | | ($0.04) | |
| RCH | 08/03/2006 03:27:38 AM | 6EDGD095 - Co-pay - EDG 1140 | | | Debt Encumbrance | | ($0.08) | |
| RCH | 08/03/2006 03:27:38 AM | FEDGD115 - Postage ✓ 1141 | | | Debt Encumbrance | | ($0.12) | |
| RCH | 08/03/2006 03:27:38 AM | FEDGD123 - Postage ✓ 1142 | | | Debt Encumbrance | | ($0.22) | |
| RCH | 08/03/2006 03:27:38 AM | FEDGD132 - Postage transferred 1146 from EDG | | | Debt Encumbrance | | ($0.25) | |
| RCH | 08/03/2006 03:27:38 AM | FICD0606 - Co-pay - EDG 1145 | | | Debt Encumbrance | | ($0.25) | |
| RCH | 08/03/2006 03:27:38 AM | EDGV0687 - Photo Copies 1139 Transferred from EDG tranferred from ATL Transferred from Cum | | | Debt Encumbrance | | ($0.30) | |
| RCH | 08/03/2006 03:27:38 AM | FICD0406 - Co-pay - EDG 1143 | | | Debt Encumbrance | | ($1.05) | |
| RCH | 08/07/2006 11:12:52 AM | TX080706 | | | Transfer - In from TRUFACS | $5.25 | | $12.81 |
| RCH | 08/08/2006 11:36:51 AM | 148 | | | Sales | ($9.60) | | $3.21 |
| RCH | 09/05/2006 10:41:12 AM | FICD0906 - Co-pay - RCH 1277 | | | Debt Encumbrance | | ($0.90) | |
| RCH | 10/24/2006 11:49:25 AM | ITS2CONV | | | Phone Rev With Rel | $1.99 | | $5.20 |
| RCH | 10/25/2006 03:12:42 PM | TFN1025 | | | Phone Withdrawal | ($1.00) | | $4.20 |
| RCH | 10/26/2006 09:52:28 AM | 53 | | | Sales | ($0.80) | | $3.40 |
| RCH | 10/01/2007 09:45:05 AM | HRCHD002 - 4 case# WMN-07-463 | | | Debt Encumbrance | | ($0.19) | |
| | Total Transactions: | 16 | | | Totals: | $3.40 | ($3.40) | |

Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER,        *

     Plaintiff,        *

vs.        *    Civil No. WMN-03-1798

SHEARIN, ET AL.,        *

     Defendant.        *

## DECLARATION OF DEE HAMMEL

In accordance with the provision of United States Code, Title 18, §1746, I, the undersigned Dee Hammel, do hereby make the following declaration pertinent to the above-styled cause of action:

1. I, Dee Hammel, am currently the Inmate Services Supervisor at the Federal Medical Center (FMC) Rochester, Minnesota. I have held this position since 2001. I began my career with the Bureau of Prisons in 1985. In this position, among other duties, I oversee the inmate Trust Fund and supervise staff who work with the Trust Fund. The Trust Fund includes the inmate commissary accounts.

2. In this position I have access to the records and information maintained by the Bureau of Prisons in the ordinary course of business, including those of inmates currently and formerly confined at FMC Rochester, including records and information pertaining to inmate James Butler, Federal Register No. 10256-050.

3. I am familiar with the Motion that inmate Butler has filed complaining that staff at FMC Rochester have violated the Court's order regarding filing fees owed in his cases. However,

       although we have tried to explain to Mr. Butler how the system works, we have been unsuccessful in clarifying what is going on. Contrary to his belief, the Bureau of Prisons has not encumbered his commissary trust fund account for purposes solely related to the PLRA or collection of filing fees.

4.     As Inmate Services Supervisor, I am familiar with the process of working with inmates and the Courts to see that filing fees are paid pursuant to the PLRA. Specifically, when an inmate is making installment payments to a Court, each month we send 20% of the previous month's deposits to the Court. To ensure inmates make these payments, we encumber, or freeze, their accounts during the month. At the end of the month, if the balance exceeds $10, we forward either the amount over $10 or 20% of the previous months deposits, whichever is less, to the Court. If the balance does not exceed $10, we do not take any money out of their accounts.

5.     Similarly, if an inmate owes the government funds for internal BOP issues (medical co-pays, photocopies, postage, etc.) we can encumber his account. Unlike with PLRA filing fees, however, if the amount in the account is less than $10, we are permitted to take the money from his account to pay the government debts once the full amount of the debt has been encumbered. If an inmate owes both the Court for PLRA filing fees and the government for other debts, PLRA fees have priority and will be encumbered and paid from the inmate's account first. Furthermore, if an inmate owes PLRA filing fees for several different suits, the filing fees for the oldest cases are paid first.

6.     Inmate Butler is housed at FMC Rochester, which is a medical center. Inmate Butler is designated here to receive medical treatment. Because of his medical condition, he is not

working and not being paid, and therefore no money has been added to his account. He is also not receiving any money from outside sources. Because all of his funds have been encumbered and no money is coming in, we are at a standstill with his ability to pay any of his debts to the Court or the government.

7. Attached hereto as <u>Attachment A</u> is a true and accurate copy of the Trust Fund TRUFACS account report showing deposits, withdrawals, encumbrances and PLRA payments from inmate Butler's account since his transfer from the Federal Correctional Institution in Edgefield, SC to FMC Rochester. When an inmate is transferred from one institution to another, the money in his account is transferred as well. In addition, the system is set up to automatically review inmates' accounts on the first of the month to determine whether the balance exceeds $10 and therefore PLRA filing fees can be withdrawn. If, however, during the month an inmate receives deposits into his account that put his balance over $10, the system does not take them until the first of the following month. Inmate Butler took advantage of this system when he was transferred to FMC Rochester. Upon his arrival, his funds from his prior institution ($7.56) were deposited into his account and he received inmate performance pay ($5.25) for work he had performed at FCI, Edgefield, which brought his account balance to $12.81 on August 7, 2006. See <u>Attachment A</u>. On August 8, 2006, he shopped in the commissary and purchased $9.60 worth of items, taking his balance to $3.21. When September 1, 2006, arrived and the system reviewed his account, it was below $10 and therefore no funds were withdrawn to pay any PLRA filing fees.

8. To ensure inmates can maintain contact with friends, family and other acquaintances in the community, the trust fund has a separate telephone account which can neither be encumbered

3

nor can funds be withdrawn for PLRA filing fees or other debts owed the government. On October 24, 2006, because of a telephone system conversion, all funds in inmates' telephone accounts were transferred to their commissary accounts. Inmate Butler had $1.99 in his phone account, all of which was transferred to his commissary account. The next day he returned $1.00 to his phone account. The day after that, he again shopped in the commissary, spending $.80 resulting in a balance of $3.40 ($3.21 of which was encumbered) leaving him with $.19. There were no further transactions on his account for nearly a year.

9. During 2007, he filed a new lawsuit in the District of Maryland (07-463), resulting in a filing fees order, dated September 12, 2007, (attached hereto as Attachment B). On the first day of the following month (October 1, 2007), the system reviewed his account and, finding that he had less than $10 in the account, the remaining $.19 was encumbered for the PLRA filing fee in case 07-463, but the money was not taken out of his account. (During our investigation into Inmate Butler's case, we reviewed this particular PLRA filing fee payment and discovered that the initial filing fee had been waived by the Court for the 2007 case. The payment was therefore released but then immediately encumbered once again to pay a PLRA filing fee payment for another case. Thus, the $.19 payment is appropriate, but for a case other than his most recent one.)

10. Inmate Butler has incurred $3.21 of encumbrances for internal BOP issues (e.g. medical co-pay, postage and photocopies) and $0.19 for a new PLRA filing fee, for a total of $3.40 worth of encumbrances. His account balance shows up as $3.40, but all that money is encumbered currently. However, for reasons currently unclear to me, the filing fees encumbrances for his prior cases do not appear on his account. The only encumbrance

4

related to court filing fees pursuant to the PLRA is for $0.19.

11. In this case, inmate Butler's account has been encumbered to pay PLRA filing fees and other debts owed to the government. However, because the funds do not exceed $10, we do not forward the PLRA payments to the Court. Because he is not currently working, nor is he getting money in from outside individuals, we are at a standstill regarding the encumbrances and his ability to shop in the commissary or otherwise expend the funds.

I declare under the penalty of perjury, the foregoing is true and correct, to the best of my knowledge.

Executed on this 3rd day of July, 2008.

*Dee Hammel*
Dee Hammel
Inmate Services Supervisor
FMC Rochester

5

CLERK, UNITED STATES DISTRICT COURT
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201-2691
www.mdd.uscourts.gov

OFFICIAL BUSINESS



049J82024331

$00.42

07/21/2008

Mailed From 21201

US POSTAGE

James A. Butler #10256-050
PMB 4000
Federal Medical Center
Rochester, MN 55903

55903+9999